Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DONOVAN and HUSSIEN KASSFY, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GMO-Z.COM TRUST COMPANY, INC.; COINBASE GLOBAL, INC.; and COINBASE INC.<br><br>　　　　Defendants. | Case No.: 4:22-cv-02826-HSG<br><br>**ORDER AS MODIFIED APPOINTING KENNETH DONOVAN, HUSSIEN KASSFY, AND JOHN BRAMBL AS LEAD PLAINTIFFS AND APPROVING ERICKSON KRAMER OSBORNE LLP AS LEAD COUNSEL**<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>Date:<br>Time:<br>Courtroom: 2, 4th Floor |

ORDER AS MODIFIED APPOINTING KENNETH DONOVAN, HUSSIEN KASSFY, AND JOHN BRAMBL AS LEAD PLAINTIFFS AND APPROVING ERICKSON KRAMER OSBORNE LLP AS LEAD COUNSEL

1

Before this Court is the motion for appointment of Kenneth Donovan, Hussien Kassfy, and John Brambl (collectively "Plaintiffs") as lead plaintiffs and approval of Erickson Kramer Osborne LLP ("EKO") as lead counsel in the above-captioned action (the "Motion"). The Court, having considered the Motion, the accompanying memorandum, attachments, and declarations, hereby **ORDERS** as follows:

1. Having considered the provisions of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§77z-1(a)(3)(B), the Court hereby determines that Kenneth Donovan, Hussien Kassfy, and John Brambl are the most adequate plaintiffs and satisfy the requirements of the PSLRA.

2. There is a three-step process for the selection of a lead plaintiff under the PSLRA. *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021). In step one, notice of the action must be posted so purported class members can move for lead plaintiff appointment. 15 U.S.C. § 77z-1(a)(3)(A)(i)(I)-(II). The statute expressly allows a "group of persons" to move for appointment. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In step two, the district court must determine which movant is the "most adequate plaintiff," which is defined as the plaintiff "most capable of adequately representing the interests of class members." *Mersho*, 6 F.4th at 899; 15 U.S.C. § 77z-1(a)(3)(B)(i). To do so, the district court must "adopt a presumption that the most adequate plaintiff" is the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* This means the district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality. Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant becomes the "presumptively most adequate plaintiff." *Mersho*, 6. F.4th at 899. In step three, members of the putative class may seek to rebut that presumption by offering evidence that the presumptive lead plaintiff is not adequate or typical. *Id.*; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)). If the presumption is not

ORDER AS MODIFIED APPOINTING KENNETH DONOVAN, HUSSIEN KASSFY, AND JOHN BRAMBL AS LEAD PLAINTIFFS AND APPROVING ERICKSON KRAMER OSBORNE LLP AS LEAD COUNSEL

2

rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff. *Mersho*, 6 F.4th at 899.

3. Plaintiffs Donovan and Kassfy, through their counsel, EKO, filed the first-filed complaint on May 13, 2022.  ECF No. 2. On May 16, 2022, Donovan and Kassfy published the required PSLRA notice via Accesswire, a global newswire and press release distribution service. *See* ECF No. 10, Ex. A. The notice informed putative class members about the case as well as the right to and timeline for filing a motion for appointment as lead plaintiff. ECF No. 10, Ex. A. This satisfies 15 U.S.C. § 77z-1(a)(3)(A)(i).

4. Plaintiffs timely filed their motion for appointment as lead plaintiffs pursuant to the PSLRA, 15 U.S.C. §§77z-1(a)(3)(B)(i). Plaintiffs' filing of the complaint and timely filing of the present motion satisfy 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

5. The Court next considers whether Plaintiffs have the largest financial interest in the relief sought by the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). While the Ninth Circuit has provided limited guidance on how a district court should "calculate each potential lead plaintiff's interest in the litigation," *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002), courts in the Ninth Circuit widely regard approximate financial loss as the most significant factor to be considered. *See, e.g., Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses"); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016) (the "most important *Olsten-Lax* factor is the financial loss suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same). The Court agrees that, based on the facts in the present action, analyzing Plaintiffs' financial interest according to approximate financial loss is most appropriate and yields the best comparative metric. Under this analysis, the Court finds that Plaintiffs represent the largest financial interest in the litigation, having suffered an approximate total loss of $522,404. *See*

ORDER AS MODIFIED APPOINTING KENNETH DONOVAN, HUSSIEN KASSFY, AND JOHN BRAMBL AS LEAD PLAINTIFFS AND APPROVING ERICKSON KRAMER OSBORNE LLP AS LEAD COUNSEL

Motion, Attachments 1-3, Plaintiffs' Certifications; Decl. of Julie C. Erickson in Support of Motion ("Erickson Decl.") ¶ 7. This satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

6. In addition to having the largest financial interest in the outcome of the litigation, the Court finds that Plaintiffs have made a prima facie showing that they meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc); *In re Cavanaugh*, 306 F.3d at 730 n.5, 732. Plaintiffs thus satisfy 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).

   a. <u>Typicality</u>. First, Plaintiffs have demonstrated that their claims are typical of the Class. Like all other members of the Class, Plaintiffs purchased or acquired GYEN at a time when the GYEN was unpegged from the Japanese yen and incurred losses as a result. ECF No. 2, ¶¶ 65-66; Joint Decl. ¶ 4. Like all other members of the Class, Plaintiffs allege their losses were a result of Defendants' misrepresentations as to the stability of the GYEN, negligence in failing to ensure the GYEN remain pegged one-to-one to the Japanese Yen, and unregistered sale of securities. ECF No. 2, ¶¶ 65-66; Joint Declaration of Kenneth Donovan, Hussien Kassfy, and John Brambl ("Joint Decl.") ¶ 4. The claims Plaintiffs assert in connection with this conduct are reasonably co-extensive with those of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). As Plaintiffs' claims arise from the same nucleus of facts, pertain to a common defendant, and are based on the same legal theories as the claims of the other members of the class, Rule 23(a)(3) is satisfied.

   b. <u>Adequacy</u>. Second, Plaintiffs have demonstrated that they will fairly and adequately represent and protect the interests of the class. As reflected by the record, Plaintiffs do not have conflicts with other class members, their claims are coexistive with those of the class, they are not subject to any unique defenses, and have retained experienced counsel. *See* Joint Decl. ¶¶ 9, 11; Erickson Decl. ¶¶ 10, 12-15, Ex. 1. Plaintiffs have also shown that they will prosecute the action vigorously on behalf of the class and will be able to function cohesively to make important decisions together.

ORDER AS MODIFIED APPOINTING KENNETH DONOVAN, HUSSIEN KASSFY, AND JOHN BRAMBL AS LEAD PLAINTIFFS AND APPROVING ERICKSON KRAMER OSBORNE LLP AS LEAD COUNSEL

They have already actively participated in the litigation and pledge to continue doing so. Erickson Decl. ¶¶ 3-6, 8; *see generally* Joint Decl. In addition to other evidence submitted in their joint declaration, Plaintiffs have set forth concrete measures to ensure cohesive decision making and streamlined communications amongst themselves and with counsel, have communicated about their roles as representatives of the class, and have committed to prosecute the action jointly and vigorously. Joint Decl. ¶¶ 5-13. Additionally, in light of Plaintiffs' substantial financial interest in the case's outcome, they are motivated to maximize the Class's recovery and will work closely together to achieve that end. Joint Decl. ¶¶ 2-10; see *In re Aqua Metals Sec. Litig.*, Case No. 17-cv-07142-HSG, 2018 WL 4860188, at *3 (N.D. Cal. May 23, 2018) (movant's substantial financial stake in the outcome of the litigation, timely filing of lead plaintiff motion, and quality of briefing satisfied adequacy requirement).

7. In light of the above findings, Plaintiffs are presumed to be the most adequate plaintiffs. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

8. No member of the purported plaintiff class has submitted any proof sufficient to rebut the presumption afforded to Plaintiffs under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

9. In light of the above findings, the Court hereby appoints Kenneth Donovan, Hussien Kassfy, and John Brambl as lead plaintiffs in this action.

10. Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), Plaintiffs have selected EKO as their counsel of choice. EKO represents a reasonable choice of counsel. EKO has decades of experience in the management and litigation of complex nationwide class actions, including cases on behalf of investors arising from financial fraud and violations of the federal securities laws, and cases involving cryptocurrency and stablecoins specifically. *See* Erickson Decl. ¶¶ 12-13, Ex. 1 (firm resume). As reflected by the record, EKO does not have any conflicts with the Class and will pursue this action vigorously. Erickson Decl. ¶¶ 14-15. EKO is hereby approved as lead counsel to represent the class.

11. The Court further **GRANTS** the parties' stipulation continuing the date upon which responsive pleading is due. Dkt. No. 43. Plaintiffs shall identify an operative complaint by August 25, 2022. The Court **SETS** the following briefing and hearing schedule on Defendants' anticipated motion to compel arbitration and motion to dismiss the complaint:

- Motion(s):  October 6, 2022
- Opposition(s):  November 17, 2022
- Repl(ies):  December 15, 2022
- Hearing:  January 5, 2023, at 2:00 p.m.

12. The Court **VACATES** the August 23, 2022 case management conference. The Court will reset a case management conference as necessary after briefing on the anticipated motions is complete.

**IT IS SO ORDERED.**

Dated: August 9, 2022

HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE